Next case is Norman Johnson v. Secretary of Veterans Affairs, 2022-1198. Mr. Roberts when you are ready. Good morning, your honors. May it please the court. My name is Daniel Roberts. I represent Mr. Norman B. Johnson and his appeal here today. Flat feet all life. We're here today primarily because of these four words. Four words written hastily during a medical examination for foot pain during Mr. Johnson's military service. The medical examiner and the courts below clung to these words as gospel to find clear and unmistakable evidence of a pre-existing medical condition. What statute or regulation did the Veterans Court interpret? They interpreted not only section 5103A which was the duty to assist but also sections 1153 and 1154. And these courts discarded competent evidence of pain finding to quote the CAVC below no evidence of foot related complaints and no evidence of any risk factors such as forced marches and repelling exercises. Vacator and remand are thus required for these three reasons. First, the CAVC erred legally by ignoring Mr. Johnson's competent lay evidence of pain documented both during service and years afterwards. How can you say it was ignored? Isn't it referenced by the board as well as the court of veterans claims? There are references to Mr. Johnson having pain but those did not factor in at all to the decisions by CAVC or the board or the RO or the medical examiner. Why isn't that a question of weight given to the evidence or application of law to fact both of which we would lack jurisdiction to review? So first the medical examination did reference pain but CAVC first noted that the physical examination of Mr. Johnson didn't note any arthritic changes, any posterior tibialis issues, anything like this. And also just noted that there was no medical evidence that he had, that Mr. Johnson had sought medical attention for his condition. And so all they looked to was that Mr. Johnson participated in activities that could have led to aggravation of his condition. But the problem is they found that those were merely risk factors. They were not factors showing aggravation themselves. These were all facts though, right? Those are factual considerations but... So why do we have jurisdiction? Because by ignoring the lay evidence of pain here, CAVC erred. And so... Ignoring evidence, even if it has occurred, is not a question of law. As Judge Cunningham asked you, what is the interpretation of law that was erroneous here? Well, we can look to here, the Buchanan case. And so the Buchanan case found in a case where lay evidence was present but was discarded by CAVC under Section 1154A, there was a legal error in not considering that lay evidence. And so I would argue that this is an even easier case for remand than Buchanan. In that case, the veteran was relying on lay evidence post-dating service. And this was lay evidence of a psychiatric condition which the board and the CAVC discounted because it was not accompanied by contemporaneous medical treatment records. This is Buchanan at 1336. That's the same as what we have here. CAVC and the board took Mr. Johnson's lay evidence... I don't see Buchanan in your brief. Ah, Buchanan. One second, Your Honor. I don't want to throw you off your argument, but if that's the case you're relying on, it should have been in your brief. I see it's in your reply brief, but that's no substitute for an initial citation. Well, here we also rely... Ah, it is cited in the opening brief at page 10. My apologies. Oh, maybe it's not on the index then. Yeah. It's not on the table. Table of contents. So page 10, we quote Buchanan at 1335, that the veterans court endorsement of the board's legal interpretation of the relevant statutory and regulatory provisions pertaining to the types of evidence which may support a claim for benefits. And so the court held that the finding of discounting evidence because it was not accompanied by contemporaneous medical treatment records violated at least section 1154A as a matter of law. It's the same as the case here. Mr. Johnson's lay evidence includes reports of pain in 1981, 1983 during his service, during his Gulf War service in 1990 and 1991. Mr. Johnson's pain by his account continued to grow steadily worse throughout his service and after his hurried discharge in 1991 with no separation examination. After over a decade of service, Mr. Johnson suffered periods of homelessness and unemployment where he did not seek medical attention for his condition. And in 2010, when Mr. Johnson first got internet access, he learned that he may be entitled to benefits and did his research and filed his claim in 2012, noting his long history of foot pain since 1981. I'd also like to reference the Jen Droe case, which is particularly on point. In that case, the issue was whether it was legal error for the board and CAVC to ignore lay evidence of a veteran self-diagnosing a shoulder dislocation. This court held that it was error to disregard that evidence, reversing and remanding for proper consideration of the lay evidence. I know it's hard to prove a negative, but when I was reviewing what the veterans court and the board did, it didn't seem like they were ignoring the lay evidence. They just weren't giving it the weight that you think they should have. What do I look to to credit your argument that they ignored it? Well, Your Honor, I would look to the CAVC's opinion, Appendix 11. And the CAVC's opinion was based on medical evidence that was and remains uncontroverted. So they said that the medical evidence that Mr. Johnson did not have the structural etiologies present to show pes planus was uncontroverted. And by saying that it was uncontroverted, one of the diagnostic tools for pes planus is pain in the feet. I don't know about Your Honors, but when I think about foot pain, I don't think about structural etiologies and any deformation of a posterior tibialis. It is true that there's no contrary medical evidence in the record, right? There's no other doctor, there's no evaluation that shows those structural changes or anything to that effect, right? Correct. There's nothing in the record besides Mr. Buchanan's statements that he has been in pain since 1981. And those under Buchanan and under the relevant statute, Section 1154A, those have to be considered and taken into account. But aren't those referenced in the board opinion? They are referenced in the board opinion and the board is assumed and presumed to have taken into account all of the relevant evidence. But that does not mean that they accounted for the lay evidence in saying that the medical evidence was uncontroverted and that because Mr. Johnson failed to seek medical attention for his condition, that that disqualifies him from service-connected benefits. But by referencing them, they're not ignoring them, right? Don't you agree with that statement? I agree with that statement as a general matter, but where a condition of pain is referenced, but is not considered as lay evidence of a disability of aggravation, I'd like to make it clear here that Mr. Johnson was not required to put forth any evidence of any disability and it was the... Are you differentiating between referencing something and considering something? Are you saying that there's some delta there? What I'm saying is that the board and the CAVC mentioned pain, but then in their opinion, the reason for their opinion was that Mr. Johnson was put through forced marches but showed no aggravation of his condition. And so the aggravation of his condition is shown through the pain that he experienced. And I'd like to turn to a second legal error just very quickly, which is the error in interpreting the presumption of soundness under Section 1111. And then I'd like to reserve the rest of my time for rebuttal. So CAVC erred in its interpretation of the presumption of soundness under Section 1111. Under this section, each enlisted person is assumed to be taken in sound and healthy condition when they enter the military. There's no record of Mr. Johnson being diagnosed with pes planus upon enlistment into the military or beforehand. Rather, this diagnosis came a year into Mr. Johnson's service in 1981 when he voiced unheeded complaints about his... How is it we've said that an admission from a veteran himself can overcome that presumption of soundness? That's correct. Under Horn, that is the law and under Wagner, but there has to be an undebatable admission. And here, isn't that what the board determined? So there is an admission of flat feet, but there is no evidence... Flat feet all life, as you referenced. Flat feet all life, but that doesn't show any morbidity or any disability associated with flat feet. And when you're taken into the military, especially in 1980, flat feet was a disqualifying diagnosis. And so because there's no record of that, the CAVC erred in interpreting Section 1111 against Mr. Johnson. I'd like to reserve the rest of my time for rebuttals. Thank you. We will save it for you. Ms. Coney. Good morning, Your Honors, and may it please the Court. The Court should dismiss the appeal in this case because this Court lacks jurisdiction to consider Mr. Johnson's arguments, which asks the Court to reweigh evidence and apply law to facts. During the argument this morning, I believe that Mr. Johnson's counsel referenced a couple of statutes that he claimed to be misinterpreted, one being 5103A, which is the duty to assist. The duty to assist in this case requires that the court provide... Subsection D requires that the VA provide an examination if it determines that it's necessary. That is the duty to assist. It's an evidence-gathering statute. And so in this case, the VA did, in fact, provide Mr. Johnson with a medical examination in 2012 and thus satisfied their duty to assist. Mr. Johnson has not explained... So do you disagree with that statement that those...that in particular was being interpreted? Do you disagree with that statement that opposing counsel made? Yes, I disagree with that because Mr. Johnson hasn't made an argument as to how that statute was misinterpreted, and the VA clearly met its duty to assist here by providing Mr. Johnson with an examination. As far as Mr. Johnson's reference to Section 1154B, that section does not apply in this case, which is a...it's a statute that applies for veterans who are injured in combat. And both the statute and the accompanying regulation, 38 CFR 3.304, indicate that when there is an injury that's been incurred during combat, there may be different presumptions that apply. But here in this case, although Mr. Johnson did serve during a war period, he has never alleged that the injury was a result of his time in combat. In fact, all of Mr. Johnson's statements and medical evidence go towards primarily the initial part of his service, the basic training, the running and marching and stuff. There has never been any allegation that the injury was caused by combat. So we would argue that that section simply doesn't apply here and has not been misinterpreted. Instead, as your Honor... I'm sorry, did he set a third statute at the start of his argument? 1153, I believe, is the presumption of aggravation. So that goes to the question that was addressed at the end of the argument, whether the presumption of soundness or aggravation has been misapplied here or misinterpreted here. We would argue that the argument is that it's been misapplied. But the board in this case did cite the correct statute, applied the statute, that requires that if a veteran, if there's no injury noted at the entrance exam, that the VA must show clear and unmistakable evidence of both pre-existence and lack of aggravation. And the board both cited that statute and applied it, finding that there is, in fact, clear and unmistakable error both of pre-existence and aggravation in this case. Mr. Johnson's arguments about whether or how much the lay evidence was considered really go towards whether the medical examination was inadequate, which, as this court has held, is a question of fact that is outside of the court's jurisdiction here. Do you think there is some distinction between referencing, considering, evaluating lay opinion? Are those different things, and was the board required to do one as opposed to the other? Your Honor, I do not think that there is a difference between mentioning and considering the board. Referencing and considering. Referencing, yes. In this case, the board clearly referenced the veteran's lay statement in July of 2013, which was postdated in the medical examination. Does that mean the board considered it, in your opinion? Yes, yes, Your Honor. As counsel, I think, admitted, the board is presumed to have considered all of the evidence that's in the record, and especially given that they wrote it into the decision, I think that that is sufficient evidence to show that they, in fact, considered the lay evidence. And the veterans court went even farther than the board in explaining that there is no inconsistency between the finding of lack of aggravation and the veterans lay statements, because the veterans lay statements all go towards the risk factors for aggravation. He has stated multiple times that he had to run a lot of miles and stand a lot and wear combat boots and wear a pack, and all of those things, while true, don't necessarily lead to aggravation. And the medical examiner in this case in 2012 specifically found that Mr. Johnson's physical condition was not consistent with the finding of aggravation, that he did not have calluses secondary to structural, I forget exactly the medical language, but they didn't find structural changes. They didn't find arthritic. The VA examiner didn't find the type of physical condition that would be consistent with the aggravation that Mr. Johnson claims to have experienced. The veterans court seems to have thought of the lay evidence as a risk factor and not actual evidence of aggravation. I guess I have two questions. Is that a question of law that would be within our jurisdiction, whether it's just a risk factor, whether it's aggravation, and either way, was the court wrong about that? Your Honor, I think it would go to a question of fact. I think it does go to the weight that the evidence should be credited. Again, the statements here go towards explaining what Mr. Johnson experienced while in service and admitted that he had pain, which no one has disputed that he did experience foot pain, both in service and after service. But those statements do not establish aggravation in the legal sense. The aggravation in the legal sense must be permanent as opposed to temporary, and those statements simply aren't consistent with aggravation, nor with the VA examiner's findings of no calluses and no dysfunction of the posterior tibialis and no significant arthritic changes. So no, I think the Veterans Court here was correct in determining that Mr. Johnson's late statements that go towards the risk factors for aggravation do not somehow undermine or call into question the VA examiner's findings, which the board used to find that there was no or that there was clear and unmistakable evidence of a lack of aggravation. Anything further, counsel? Just to briefly address the presumption of soundness issue, the medical reports in this case reported that Mr. Johnson had admitted that he had flat feet all his life. We don't know what was said during the examination. All we know is the results of what the examiner wrote down in the 1981 report. But as this court has found in Harris v. West and as the Veterans Court found in Horn v. Shinseki, a veteran's admission of a condition, especially a condition that doesn't need a clinical diagnosis, such as this court discussed in Jandro, that is sufficient to rebut the presumption of soundness. Especially whereas here, as the Veterans Court found, this is unrefuted. Still, to this day, he hasn't stated that he didn't have flat feet all his life. There is no evidence in the record contradicting the finding here. With his admission and the lack of any other contrary evidence, we would submit that the board and the Veterans Court were correct to find clear and unmistakable evidence of preexistence. And what is our disposition in your view? I'm sorry? What should our disposition be in your view? We would ask this court to dismiss the appeal for lack of jurisdiction or any alternatives to affirm the Veterans Court. Unless Your Honor has further questions, we would rest on our boots. Thank you. Mr. Roberts has four and a half minutes if you need it. Thank you, Your Honor. So I'd first like to address Judge Stark's comment about risk factors versus actual aggravation and whether that is a mistake of law by the CABC. So in opinions like Saunders, which we addressed in our reply brief, that that court held alone, that pain alone can be sufficient to show aggravation, to show a disability. Further under Wagner and its interpretation of Section 1153, it is the government's burden to prove no increase in disability. Because the administrative and judicial bodies below could only meet that burden by ignoring Mr. Johnson's lay evidence of pain and relying on a lack of medical records. They have erred in interpreting the relevant statutes and burdens in this case. That last statement sounded like fact. The only way they could reach the conclusion was to not give weight to the pain. Isn't that just a fact argument? It's not because disregarding competent lay evidence of pain, particularly where there is no finding that those lay statements were either incredible or whether there was any impugning of the testimony and the— So it comes back to your argument that they disregarded entirely the pain. That's right. And I'd also like to talk about Horne and Harris. So Harris was a case where there was a preexisting condition of poor night vision. It was a diagnosis of retinitis pigmentosa eight years before service. And that's distinguishable here because Mr. Johnson's admission was, at worst, only about flat feet. It was not about any morbidity or any kind of disability related to flat feet. The claimant and Harris also disputed the sufficiency of the evidence and wanted the Federal Circuit to reweigh the evidence. It was not about the failure to consider competent lay evidence, as in Buchanan and Gendreau, which control here and which the Secretary does not dispute are the current state of the law with respect to lay evidence. Finally, I'd like to argue that the CAVC's opinion violates the pro-veteran canon of this court, which requires that all interpretive doubt be found and resolved in the veteran's favor. Here, CAVC committed numerous errors in applying the presumptions of soundness and aggravation and in not recognizing the VA's failure in its duty to assist Mr. Johnson. Now, to address the Section 5103A issue, the duty to assist requires the consideration and the consideration of competent lay evidence where it's present. There was no such consideration here. That lay evidence was discarded as a risk factor. The CAVC only considered the forced marches and the repelling rather than the actual evidence of pain that Mr. Johnson put forth. On 1154B, you don't suggest you have evidence that your client was injured during combat, do you? No, and we never—in argument, we never considered 1154B. That doesn't control here. It's just indicative of another statute like 1154A, which is interpreted in Buchanan and 5103A, which require consideration of lay evidence. But Buchanan was an 1154A case, which does not require military combat service, which 1154B does. Anything further, counsel? I would just like to request that the court vacate CAVC's decision below and remand with instructions to have the board consider the competent lay evidence put forth by Mr. Johnson of his pain over the last 42 years because he has suffered enough. Thank you, Your Honors. Thank you, counsel. We take the case under submission.